# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| State of Louisiana and  The Vermilion Parish School Board | Civil Action No. 06-CV-0414 |
| Versus | Judge Tucker L. Melançon |
| Louisiana Land & Exploration Co., et al. | Magistrate Judge Methvin |

**MEMORANDUM RULING**

Before the Court is plaintiffs State of Louisiana and The Vermilion Parish School Board's Motion to Remand [Rec. Doc. 22], and defendants' Joint Memorandum in Opposition to Motion to Remand [Rec. Doc. 27]. For the following reasons, the motion will be granted and this case will be remanded to the state court from which it was removed.

On September 2, 2004, plaintiffs filed suit in the Fifteenth Judicial District Court, Vermilion Parish, Louisiana for damages allegedly caused by contamination from oil and gas exploration and production activities conducted by defendants on sixteenth section school lands [Complaint, Rec. Doc. 1]. Defendants removed the action on March 15, 2006 under diversity jurisdiction, 28 U.S.C. §1332 [Notice of Removal, Rec. Doc. 13].

Plaintiffs move the Court for an order remanding the case, arguing that (1) the removal was untimely and (2) diversity jurisdiction does not exist because the State is a non-diverse party [Rec. Doc. 22, plaintiff's memorandum at 5-16]. Plaintiffs states that they served *via* mail their motion to dismiss the non-diverse defendants on defendants on August 26, 2005 [Id. at 6].

Defendants assert that the matter was not initially removable, but later became removable two days before the one-year anniversary of the commencement of the lawsuit when the non-diverse defendants were dismissed [defendant's memorandum, Rec. Doc. 27 at 3-5]. Defendants submit a copy of the motion and judgment of dismissal which was filed on August 30, 2005 and signed on August 31, 2005 [Id. at Exhibit A]. Defendants note that, on August 29, 2005, Hurricane Katrina hit and devastated southeast Louisiana [Id. at 4-5]. Defendants state that counsel for LL&E and then counsel for Union were located in New Orleans, Louisiana and that neither LL&E nor Union ever received the judgment of dismissal [Id.]. Defendants state that they first received notice of the August 31, 2005 judgment dismissing all non-diverse defendants on March 2, 2006 when defense counsel traveled to Abbeville, Louisiana and inspected the suit record [Id. at 4]. Based on the effects of Hurricane Katrina, defendants seek an equitable exception to the one-year period set forth in 28 U.S.C. §1446(b) within which a matter may be removed [Rec. Doc. 27, defendants' memorandum, pp. 5, 14-19]. Defendants further argue that the State is not a real party in interest and cannot be considered in determining diversity [Id. at pp. 7-14].

In *State of Louisiana v. Union Oil Company,* — F.3d. — , 2006 WL 2054046, (5th Cir. 2006),[1] the Fifth Circuit Court of Appeals recently held that the State of Louisiana was a real party in interest in an action brought by the Vermillion Parish School Board for damages arising out of oil and gas exploration activities conducted

---

[1] The Fifth Circuit Court of Appeals issued its mandate requiring that the case be remanded to state court on September 7, 2007.

by defendant oil companies on Section 16 lands. Based on the Fifth Circuit ruling, the Court will grant plaintiffs' motion to remand on the basis that diversity remains incomplete, as the State is a real party in interest, and will remand this matter to the Fifteenth Judicial District Court, Vermilion Parish, Louisiana.